[No. 23480. *En Banc.* August 10, 1932.]

CHARLES GREELY *et al., Respondents,* v. THE BANK OF STEVENSON *et al., Appellants.*[1]

*Ray C. Sly* and *John Wilkinson,* for appellants.

*McMaster, Hall & Schaefer,* for respondents.

[1] Reported in 13 P. (2d) 493.

PARKER, J.—This action was originally commenced in the superior court for Clark county by the plaintiffs, Greely and Knause, copartners, seeking recovery from the defendant, the Bank of Stevenson, a corporation, of money in an amount alleged to have been received by the bank in trust for them for the sale of certain logs upon which they had a lien for hauling. Dunlap and Thiel, copartners, were made defendants because of their interest in the logs before the sale thereof, and their possible claim of interest in the proceeds of the sale in the hands of the bank thereafter. The cause was transferred for trial to the superior court for Skamania county, the county of the residence of the bank and the county in which the lien of Greely and Knause accrued and remained against the logs up to the time of their sale. The cause proceeded to trial in that court, sitting without a jury, resulting in findings and judgment awarding to Greely and Knause recovery against the bank in the sum of $1,640, from which it has appealed to this court.

Dunlap and Thiel did not answer the complaint of Greely and Knause, or claim any portion of the proceeds of the sale of the logs received by the bank; evidently, because they were indebted to the bank for a balance due, secured by a chattel mortgage upon the logs, and also to Greely and Knause for a balance due for hauling the logs, each in an amount in excess of the money so received by the bank, and would therefore receive the benefit of the proceeds of the sale of the logs whether they received credit therefor upon the amount they owe the bank or upon the amount they owe Greely and Knause. Hence, the controversy in the superior court was, and here is, between Greely and Knause and the bank.

There are three principal contentions here made in behalf of the bank: (1) That the action was not com-

menced against the bank within the time limited by law; (2) That the lien claimed by Greely and Knause upon the logs was not perfected by timely filing claim therefor in the office of the auditor of Skamania county; (3) That the amount of the judgment against the bank is in any event excessive.

The principal, controlling facts, we think, may be fairly summarized as follows: On May 26, 1924, Dunlap and Thiel contracted with George C. Howard, of Portland, Oregon, the owner of certain timber land in Skamania county, in this state, for the purchase, logging and removal by them of the timber thereon. They agreed to pay Howard therefor stumpage at the varying rates of $2.00, $2.50 and $3.00 per thousand feet, as the timber would be removed. They were to have three years' time within which to log and remove the timber.

On March 20, 1925, Greely and Knause contracted with Dunlap and Thiel to haul the logs for them by motor truck from the woods to navigable water of the Columbia river, in Skamania county, at a reasonable compensation, starting at $3.50 per thousand feet; it being realized that there might occur changing conditions incident to the hauling that would call for a reasonable compensation at a different rate. It was understood that the hauling so agreed upon would continue through the summer and into the fall of 1925.

On September 11, 1925, Dunlap and Thiel executed and delivered to the bank a chattel mortgage upon all of the logs they had caused to be hauled to the river which remained there, and all the logs which had been felled by them and remained in the woods ready for hauling to the river. The mortgage was given by them to secure an indebtedness of $3,500 owing by them to the bank. The mortgage was duly made of record in the office of the auditor of Skamania county on the day

of its execution. On the same day, Dunlap and Thiel executed a bill of sale, in absolute form, conveying the logs to the bank. This, manifestly, was to enable the bank to sell the logs without formal foreclosure of its mortgage.

On September 29, 1925, Greely and Knause ceased their hauling of the logs, they having continuously hauled the logs under their original contract since March, 1925. On October 28, 1925, Greely and Knause filed in the office of the auditor of Skamania county their claim of lien against the logs lying in the river in Skamania county, claiming an unpaid balance of $3,439 due them for such hauling, which the proof shows was approximately the amount justly due them, no part of which has been paid to them. As to the agreement for the sale of the logs and their sale by the bank, the trial court found, as we think the evidence warranted:

"That on the 2nd day of December, 1925, after the plaintiffs had learned of the chattel mortgage of the defendant, Bank of Stevenson, and after the plaintiffs had filed their claim of lien, it was agreed by the plaintiffs and the defendant, Bank of Stevenson, that the logs concerned might be sold and the proceeds thereof held by the Bank of Stevenson until such time as the priorities between the parties might be looked into and determined by them.

"That thereafter during the winter and spring of 1926, the defendant, Bank of Stevenson, sold all of the said logs, receiving therefor the sum of $1,640.09."

On April 29, 1926, Greely and Knause commenced this action in the superior court for Clark county, causing summons and complaint to be personally served upon the defendants Dunlap and Thiel in that county. What service, if any, was then made upon the defendant bank does not appear. Counsel for the bank served upon counsel for Greely and Knause its motion

for dismissal of the action upon the ground that, it being a resident of Skamania county, the superior court of Clark county could not acquire jurisdiction over it.

On June 17, 1927, the motion to dismiss not being heard, counsel for Greely and Knause filed in the cause in the superior court for Clark county their amended complaint, in substance the same as their original complaint, except that their prayer was for a larger amount of recovery. On that day, their counsel, evidently being doubtful as to the superior court for Clark county having acquired jurisdiction over the bank, a resident of Skamania county, as the law existed prior to June 8, 1927, caused a new summons, with a copy of the amended complaint, to be served upon the bank in Skamania county, and also upon Dunlap and Thiel in Clark county.

On September 24, 1927, counsel for the bank served upon counsel for Greely and Knause its motion for change of venue of the action to Skamania county, upon the ground of it being a resident of that county, claiming the right to such change under chapter 173, Laws of 1927, p. 194 [Rem. 1927 Sup., § 205-1 et seq.], which had become effective on June 8, 1927. On November 26, 1927, the superior court for Clark county granted the motion of the bank for change of venue, and entered its order accordingly, whereupon all further proceedings in the cause were had in the superior court for Skamania county, wherein the cause proceeded to trial, resulting in findings and judgment being rendered on June 8, 1931, awarding to Greely and Knause recovery as above noticed, from which this appeal is prosecuted.

Was the action commenced within the time limited by law? Counsel for the bank, arguing that this is, in substance, a logging lien foreclosure action, in-

voke the eight months' limitation for the commencement of such an action prescribed by Rem. Comp. Stat., § 1171, reading as follows:

"No lien provided for in this chapter binds any sawlogs, spars, piles or other timber, or lumber and shingles, for a longer period than eight calendar months after the claim as herein provided has been filed, unless a civil action be commenced in a proper court, within that time, to enforce the same: · . . ."

We assume, for purposes of argument only, that neither the superior court for Clark county nor the superior court for Skamania county acquired jurisdiction over the bank as a party to the action until after the expiration of eight months following the filing of the lien claim of Greely and Knause in the office of the auditor of Skamania county. We are, however, of the opinion that this is not, in form or substance, a lien foreclosure action. It is true that the right of Greely and Knause to recover against the bank, as prayed for by them, depends upon their having a valid and subsisting lien upon the logs at the time of their agreement with the bank for the sale thereof. It is plain that they then had such a lien claim upon the logs, which continued unimpaired up to the time of the sale of the logs by the bank; which sale occurred before the expiration of eight months' limitation for the commencement of an action to foreclose their lien.

The allegations of the complaint pleaded facts to show the then existence of their lien right. They did not pray for foreclosure of their lien right against the logs. Indeed, there were no logs left against which to foreclose their lien right. They prayed only for judgment against the bank, which seems to us became, in substance, a prayer for an accounting by the bank for the money it had received for the sale of the logs.

Such an action, it seems to us, is governed by the general statutes of limitations as to the time of its commencement. Plainly, no limitation prescribed by the general statute had run at the time of the commencement of the action, though we should regard it as being commenced only when, at the instance of the bank, it was finally transferred to the superior court for Skamania county. We concur in the observations made by the trial judge touching the nature of the action as follows:

"It occurs to me that this is not a lien foreclosure action. A lien, under the statute, 'binds any saw-logs' for a period of eight months after it is filed. It would seem as a logical consequence that the lien must be foreclosed upon logs in existence, and if the logs do not exist, the court would be powerless to foreclose a lien thereon. In this case by agreement between the parties the very thing upon which the lien existed was sold, and the lien could not bind the logs because of this agreed sale. By reason of the agreement to sell and the agreement to hold the funds in trust it seems to me that the priorities of the lien and the chattel mortgage must be determined as of the date of sale which was within eight months of the filing of the lien."

We conclude that the action was commenced within the time limited by law.

Was the lien of Greely and Knause perfected by timely filing claim therefor in the office of the auditor of Skamania county? We have noticed that they ceased hauling the logs on September 29, 1925, and filed their lien claim in the office of the auditor of Skamania county on October 28, 1925. This was within the thirty-day limitation prescribed by the statute. Rem. Comp. Stat., § 1168.

It is argued that there was, in the earlier part of September, such a period of cessation of hauling

that the few days' hauling thereafter became a separate hauling from that which preceded, and that, therefore, as to all hauling that preceded, the lien was not perfected by timely filing of claim therefor in the office of the auditor of Skamania county.

This contention involves only a question of fact which, it seems to us, the trial judge rightly decided in favor of Greely and Knause. It is true that there was, in the early part of September, a cessation of hauling by Greely and Knause for a period of some nine days. This was caused by a disabling of their truck, which necessitated taking it to Vancouver, some miles distant, for repair. During this period, one of their men remained at the logging camp of Dunlap and Thiel, and did work for them for at least a part of this period, which work was within and incident to the hauling contract between Greely and Knause and Dunlap and Thiel; and during this period there remained at the camp other equipment of Greely and Knause used by them in performing their hauling contract.

We have noticed that this hauling contract contemplated its continuance through the summer and into the fall of 1925, manifestly at least as late as the last of September. Under these circumstances, we think that the trial court rightly held the work to have been continuous from the time of the making of the contract until the hauling finally ceased on September 29, 1925. The lien claim filed within thirty days following that date, we think, perfected the lien of Greely and Knause, securing the balance due upon the whole of their hauling since September 29, 1925.

■ Is the award of the judgment in favor of Greely and Knause against the bank excessive? It is argued in behalf of the bank that the record shows that Howard was paid $642 of the $1,640 for which the logs were sold, for his stumpage, and that therefore the

bank in no event is liable to Greely and Knause for a greater amount than $998. The record does not show that Howard ever filed any stumpage lien against the logs; but, even if he did, such lien would be inferior to the hauling lien of Greely and Knause. Rem. Comp. Stat., §§ 1165, 1169. It is clear that the bank made no showing in this case that it had any authority or right to allow Howard to take any portion of the proceeds of the sale of the logs, since the lien right of Greely and Knause, at the time of the sale of the logs, was superior to the right of Howard to be paid for stumpage and the right of the bank under its chattel mortgage.

In this connection, some further contention is made that the bank did not sell the logs, but that the logs were really sold by another person acting for Howard and the bank jointly. But we think the fact remains that the bank was the one who had the actual power of sale of the logs and who was to receive the proceeds thereof, and, as this record stands, we must presume, did receive the proceeds thereof, and paid the $642 over to Howard. This was even according to a prior agreement had between the bank and Howard, of which agreement, however, Greely and Knause had no knowledge whatever until the time of the trial of this action. Under the circumstances, we conclude that the award of the judgment against the bank is not excessive.

The judgment is affirmed.

TOLMAN, C. J., MAIN, MITCHELL, HOLCOMB, MILLARD, BEALS, and HERMAN, JJ., concur.